Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 877-788-2864
abennecoff@creditlaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ROY OLIVER,

    Plaintiff,

v.

ALLIED INTERSTATE, LLC f/k/a
ALLIED INTERSTATE, INC.,

    Defendant.

Case No. SACV13-1011 JVS (ANx)

COMPLAINT FOR DAMAGES
1. VIOLATION OF THE FAIR
DEBT COLLECTION PRACTICES
ACT, 15 U.S.C. §1692 ET. SEQ.;
2. VIOLATION OF THE
ROSENTHAL FAIR DEBT
COLLECTION PRACTICES ACT,
CAL. CIV. CODE §1788 ET. SEQ.

JURY TRIAL DEMANDED

## COMPLAINT

ROY OLIVER ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against Defendant ALLIED INTERSTATE, LLC f/k/a ALLIED INTERSTATE, INC. ("Defendant"):

- 1 -

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act, cal. Civ. Code § 1788, *et. seq.* ("RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California; and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Anaheim, California.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Defendant is a corporation specializing in debt collection with its principal place of business located at 335 Madison Ave, 27th Floor, New York, New York 10017.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was acting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

11. The alleged debt arose out of transactions which were primarily for personal, family, or household purposes.

12. As Plaintiff owes no business debt, the debt sought by Defendant could only have been personal in nature.

13. Between June 2012 and August 2012, Defendant's collectors made repeated harassing calls to Plaintiff's cellular telephone regarding the alleged debt.

14. Defendant's telephone calls originated from numbers including, but not limited to: (888) 316-6088. The undersigned has confirmed that this number

belongs to Defendant.

15. Plaintiff regularly received two (2) to three (3) calls per day from Defendant.

16. Defendant's collectors initiated contacted Plaintiff as late as 9:00 PM.

17. Upon information and belief, Defendant used a pre-recorded or artificial voice to initiate these calls to Plaintiff.

18. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his telephone by the use of a pre-recorded or artificial voice prior to Defendant's placement of the calls.

19. Defendant did not consult with its client at any time before making calls to Plaintiff to determine if there was express consent to call his telephone.

20. Defendant's telephone calls were not placed for "emergency purposes," as specified in 47 U.S.C. § 227(b)(1)(A).

21. On frequent occasions when speaking with Defendant's collectors, Plaintiff routinely demanded that Defendant send a letter of validation of the alleged debt, as he disputed owing it.

22. Despite the request, Plaintiff never received anything in writing from Defendant regarding this debt or setting forth his rights pursuant to the FDCPA.

23. Upon information and belief, Defendant does not send initial letters to consumers advising them of their rights, as required by the FDCPA.

24. Defendant's actions as described herein were made with the intent to

harass, abuse, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

26. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it called Plaintiff late at night, and when it engaged in other harassing and abusive conduct.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

28. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

29. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

30. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it failed to send anything in writing to Plaintiff setting forth his rights, and when it engaged in other unfair conduct.

## COUNT IV
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

31. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, the manner in which to dispute the debt, and that if the debt is disputed, that the debt collector will obtain verification of the debt, and will provide information to Plaintiff on how to dispute the debt.

32. Defendant violated § 1692g(a) of the FDCPA when it failed to provide any written notification or any information in writing to Plaintiff in regards

to the alleged debt within five days (5) of its initial contact with the Plaintiff, including how to dispute the debt or obtain verification of the debt, in violation of the FDCPA.

## COUNT V
## DEFENDANT VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

33. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

34. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

## COUNT VI
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER
## PROTECTION ACT

35. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

36. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to

recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

37. Defendant repeatedly placed non-emergency calls to Plaintiff without Plaintiff's consent.

38. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

39. Here, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff using a pre-recorded or artificial voice.

40. Defendant called Plaintiff dozens of times.

41. Defendant did not have Plaintiff's express consent prior to contacting him using an automatic telephone dialing system or pre-recorded or artificial voice.

42. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

WHEREFORE, Plaintiff, ROY OLIVER, respectfully prays for a judgment as follows:

    a. Actual Damages;
    b. Statutory damages under the FDCPA and RFDCPA;
    c. Reasonable attorney's fees and costs; and
    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROY OLIVER demands a jury trial in this case.

DATED: July 2, 2013

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C..

By: *(signature)*
Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile: (215) 540-8817
Email: abennecoff@creditlaw.com
Attorney for Plaintiff